**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| FIRST NONPROFIT INSURANCE COMPANY, | ) ) ) | CASE NO: 5:14-cv-00796 |
| Plaintiff, | ) ) | JUDGE ADAMS |
| v. | ) ) ) | MAGISTRATE JUDGE VECCHIARELLI |
| SUMMIT COUNTY CHILDREN SERVICES, *et al.*, | ) ) ) | |
| Defendants. | ) ) | **REPORT & RECOMMENDATION (Doc No. 82)** |

This case is before the United States magistrate judge on referral for general pretrial supervision. (Doc. No. 52.) Currently pending before the Court is the joint motion of Plaintiff/Counter-Defendant First Nonprofit Insurance Company and Defendants/Third-Party Plaintiffs Summit County Children Services, John Saros, Dana Klapper, Darlene Baad and Dawn Averell (collectively, "SCCS") to voluntarily dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. No. 82.) Nominal Defendants Tina Beatty and Carla Ward filed a brief in opposition. (Doc. No. 86.) Third-party Defendant American Alternative Insurance Corporation filed a notice that it does not oppose the motion. (Doc. No. 87.)

For the following reasons, it is recommended that the joint motion to voluntarily dismiss be GRANTED.

### I. Introduction and Relevant Background

The claims in this case arise out of the parties' disagreement regarding the obligation of two insurance companies, First Nonprofit Insurance Company ("First Nonprofit") and American Alternative Insurance Corporation ("American Alternative") to

indemnify and defend SCCS against claims asserted against SCCS in a state court action brought by Tina Beatty and Carla Ward on behalf of two minor children.  The underlying state court action alleges that SCCS negligently and recklessly placed the children in the care of a foster parent who sexually, physically and emotionally abused them.

In April 2014, First Nonprofit filed in this Court a complaint for declaratory judgment against SCCS, seeking a judgment that First Nonprofit has no duty to provide coverage, indemnify or defend SCCS with respect to the claims in the state court lawsuit.  (Doc. No. 1.)  The Complaint also named Beatty and Ward (hereinafter "Nominal Defendants") as Defendants.[1]  (*Id.*)

In June 2014, SCCS filed an Answer, Counterclaim and Third-Party Complaint. (Doc. No. 12.)  In addition to generally denying the majority of First Nonprofit's allegations and asserting various affirmative defenses, SCCS asserted a counterclaim and third-party complaint against First Nonprofit and American Alternative, seeking declaratory judgment that each insurance company is obligated to defend and indemnify SCCS with respect to the state court claims.  (*Id.*)  SCCS also asserted claims for breach of contract.  (*Id.*)  Thereafter, both insurance companies filed answers to the counterclaim and third-party complaint.[2]  (Doc. Nos. 15, 22.)

---

[1] As plaintiffs in the underlying state court action, Beatty and Ward were named as defendants herein as nominal parties pursuant to Ohio Revised Code §§ 2721.12 and 3929.06.

[2] With leave of Court, First Nonprofit filed an Amended Complaint in October 2014 that added "Ms. Ruple" (individually and as next friend of F.B., a minor) as a nominal defendant.  Defendant Ruple has not filed a response to First Nonprofit and SCCS' Joint Motion to Voluntarily Dismiss.  Moreover, Defendant Ruple was served, but

In November 2015, the district judge referred this matter to the magistrate judge for general pretrial supervision, including the preparation of a report and recommendation.  (Doc. No. 52.)  Thereafter, the parties submitted a report of their planning meeting, in which they proposed a discovery schedule that extended fact discovery until September 2016 and expert discovery until October 2016, with the completion of briefing of dispositive motions in January 2017.  (Doc. No. 51.)

On December 14, 2015, the magistrate judge conducted a case management conference.  (Doc. No. 54.)  During that conference, the magistrate judge questioned the parties regarding their lengthy proposed discovery schedule, and the parties indicated that they intended to slow down these proceedings so they could "track" proceedings in the underlying state court action.  (*Id.*)  The magistrate judge cautioned the parties that the Court would not delay proceedings in this matter simply to allow the state court case to develop, and instructed First Nonprofit to consider whether it would be appropriate for this matter to be in state court.  (*Id.*)  The magistrate judge granted the request of counsel for First Nonprofit for time to confer with his client regarding this matter.  (*Id.*)

On December 17, 2015, the magistrate judge conducted a telephone status conference with counsel.  (Doc. No. 57.)  Counsel for First Nonprofit informed the magistrate judge that his client intended upon proceeding with this matter in federal court.  (*Id.*)  The magistrate judge set a discovery plan in this case that requires: the completion of fact discovery in June 2016; the completion of expert discovery in August

---

has failed to file an Answer to either the First or Second Amended Complaint. She also did not respond to the Motion to Stay.  No counsel is listed for Ruple on the docket.

2016; and the completion of dispositive motions in January 2017.[3] (Doc. No. 58.)

Later in December 2015, SCCS moved to stay proceedings in this case.[4] (Doc. No. 62.) SCCS generally argued that considerations of judicial economy supported its request, and that it would be prejudiced without a stay of proceedings. (*Id.*) In support of its motion, SCCS submitted the most recent case management order from the underlying state case. (Doc. No. 62-1.) That order requires the parties to complete discovery in the state case in October 2016 and to complete briefing on dispositive motions in February 2017.[5] (*Id.*) The state court case management order sets a trial date of June 19, 2017. (*Id.*) Thereafter, First Nonprofit filed a response to the motion in which it joined in SCCS's request for a stay. (Doc. No. 72.) Nominal Defendants Beatty and Ward opposed the motion, arguing they would be prejudiced by a stay. (Doc. No. 74.) American Alternative did not file any opposition to the motion for a stay.

On January 25, 2016, the magistrate judge issued an Order denying the motion

---

[3] The magistrate judge also instructed the parties to file a proposed protective order governing the production of relevant information protected by Ohio statutes applicable in this case. (Doc. No. 57.) Thereafter, the parties filed a proposed protective order, which, after resolving a dispute between the parties regarding the scope of the order, the magistrate judge signed and entered on the docket. (Doc. No. 70.)

[4] Just prior to the filing of the Motion to Stay, First Nonprofit filed a Second Amended Complaint, which included a Crossclaim against American Alternative. (Doc. No. 61.) SCCS filed an Amended Answer, Counterclaim against First Nonprofit, and Third Party Complaint against American Alternative on January 6, 2016. (Doc. No. 65.) American Alternative and Nominal Defendants Beatty and Ward filed Answers on January 13 and 25, 2016, respectively. (Doc. Nos. 73, 78.) Nominal Defendant Ruple did not file an Answer or other responsive pleading.

[5] There are, of course, no guarantees that the state court deadlines are firm and will be met.

to stay.  (Doc. No. 77.)  The magistrate judge determined that issues of judicial economy and efficiency weighed heavily in favor of denying the stay, particularly in light of the overlapping factual issues in the instant action and the underlying state court case.  (*Id.* at 6-7.)  With regard to the issue of prejudice, the magistrate judge found Nominal Defendants Beatty and Ward would potentially be prejudiced by a stay, noting that "[s]hould [Beatty and Ward] prevail in their claims in state court, it is likely that their ability to recover on any judgment against SCCS will be affected by the resolution of the questions in dispute in this case."  (*Id.* at 8.)  SCCS and First Nonprofit, on the other hand, had not demonstrated they would suffer prejudice from allowing this matter to proceed, although the magistrate judge noted in a footnote that "[t]o the extent SCCS may be prejudiced by engaging in discovery in this case as well as the state court action, nothing in this Order precludes the parties from dismissing this case without prejudice to refiling and with the agreement that all defenses arising out of the dismissal and subsequent refiling are waived."  (*Id.* at 7.)

On February 8, 2016, SCCS filed an Objection to the magistrate judge's Order denying the motion to stay.  (Doc. No. 81.)  SCCS' Objection currently remains pending before the district judge.

On February 19, 2016, First Nonprofit and SCCS filed a Joint Motion to Dismiss without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2), which American Alternative did not oppose.  (Doc. Nos. 82, 87.)  The moving parties assert that "the insurer and the insureds have come to an agreement whereby they are willing to put aside litigating their differences with respect to a duty to defend," thus leaving the duty to indemnify as the only coverage issue left to potentially litigate in this matter.  (Doc. No. 82 at 7.)  First

Nonprofit and SSCS argue the motion should therefore be granted because "it is the dispute regarding [First Nonprofit's] and/or [American Alternative's] duty to defend SCCS which gives rise to the actual controversy that is required under the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201(a)."  (*Id.*)  While acknowledging that the Nominal Defendants declined to join in the motion, the moving parties argue this matter should nonetheless be dismissed without prejudice because the Nominal Defendants do not have any actual claims in this case and cannot demonstrate prejudice from a dismissal at this stage in the litigation.

Nominal Defendants Beatty and Ward filed a response on March 4, 2016, in which they argue they would be prejudiced by dismissal without prejudice.  (Doc. No. 86.)  These Defendants first assert that, in denying the motion to stay, the magistrate judge already determined the Nominal Defendants would be potentially prejudiced if the instant matter is not resolved expeditiously.  (*Id.* at 2.)  They further claim that the failure to timely resolve the coverage issues in this matter will negatively impact the possibility of settlement in the underlying state court action.  (*Id.* at 3.)  Finally, the Nominal Defendants maintain the joint motion should be denied because First Nonprofit and SCCS failed to articulate any specific basis for dismissal, arguing that "[n]o actual reasons with regard to benefits or prejudice to any party are set forth by the Moving Parties."  (*Id.* at 4.)

First Nonprofit and SCCS filed a reply in support of their motion on March 11, 2016. (Doc. No. 88.)  They emphasize the Nominal Defendants have no rights under the insurance policy at issue in this case as a matter of Ohio law and argue that "[o]ne who has no rights under the document that forms the core of a piece of litigation cannot

-6-

be prejudiced when that litigation is dismissed." (*Id.* at 4.)

## II.  Legal Standard

Federal Rule of Civil Procedure 41 provides, in pertinent part, as follows:

**(a) Voluntary Dismissal.**

**(1) By the Plaintiff.**

*(A) Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

> (ii) a stipulation of dismissal signed by all parties who have appeared.

*(B) Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

***(2) By Court Order; Effect.* Except as provided in Rule 41(a) (1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.**

Fed. R. Civ. P. 41 (emphasis added). "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant ... from unfair treatment." *Bridgeport Music Inc. v. Universal–MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).

Courts have considerable discretion to grant or deny motions made pursuant to Rule 41(a)(2).  As the Sixth Circuit has observed:

-7-

> Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment.  Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.

*Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (emphasis added); *accord Jones v. Western Reserve Transit Auth.*, 455 Fed. Appx. 640 (6th Cir. 2012); *Mykolaitis v. Howes*, 2011 WL 3624949 at * 25–26 (E.D.Mich. June 28, 2011). In *Grover*, the Sixth Circuit set forth the following four factors that courts should consider in determining whether a defendant will suffer "plain legal prejudice:"  (1) the defendant's effort and expense of preparation for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation for the need to take a dismissal, and (4) whether a motion for summary judgment has been filed by the defendant.  *Grover*, 33 F.3d at 718.

 Generally, the prospect of defending a second lawsuit on identical issues is insufficient reason to deny a motion to dismiss.  *See, e.g., Wakefield v. Children's Hosp., Inc.*, 2009 WL 588021 at * 1 (S.D.Ohio Mar. 6, 2009) (citations omitted).  Courts have also rejected the argument that the effort and expense involved in defending a lawsuit is sufficient.  *Id*.  Finally, the Sixth Circuit has noted that "[a] Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport*, 583 F.3d at 954 (citing *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 685 (7th Cir. 1998) and *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir.1986).)

### III. Analysis

**A.     First, Second, and Fourth *Grover* Factors**

The moving parties argue that the first, second, and fourth so-called *Grover* factors weigh heavily in favor of granting their motion to voluntarily dismiss without prejudice.  Specifically, with respect to the first and fourth factors, First Nonprofit and SCCS assert that "this declaratory judgment action has just recently emerged from the pleading stage; therefore, no party has expended any effort or incurred any expense in preparation for trial, nor has any party filed a motion for summary judgment." (Doc. No. 82 at 5.)  With regard to the second factor, the moving parties maintain there has been no excessive delay or lack of diligence.  In this regard, they note that case management deadlines in this matter were only recently set in December 2015, after which First Nonprofit promptly filed a Second Amended Complaint and SCCS and American Alternative filed Amended Answers.  (*Id.* at 6.)

Nominal Defendants Beatty and Ward do not address these arguments in their brief in opposition, or otherwise argue that the first, second, and fourth *Grover* factors weigh against voluntary dismissal without prejudice.  (Doc. No. 86.)

The Court agrees with the moving parties that the first, second, and fourth *Grover* factors weigh in favor of dismissal without prejudice.  The Nominal Defendants do not argue they have expended significant time and effort preparing for trial, and the docket reflects no summary judgment motions have been filed in this matter.  Moreover, the Court finds the moving parties have not engaged in excessive delay or demonstrated a lack of diligence.  Although the initial Complaint was filed in April 2014, First Nonprofit diligently pursued service; amended its Complaint; and, at the court's request, promptly

submitted a list of issues to be resolved prior to the setting of case management deadlines.  (Doc. Nos. 43, 44.)  A Case Management Conference was conducted in December 2015, which was promptly followed by SCCS' Motion to Stay.  Accordingly, and in light of the lack of meaningful argument to the contrary, the Court finds the first, second, and fourth *Grover* factors weigh in favor of dismissal without prejudice.

### B. Third *Grover* Factor

The third *Grover* factor requires the Court to consider whether the moving party has provided a sufficient explanation for the need for dismissal.  See *Grover*, 33 F.3d at 718.  The moving parties emphasize that the insurers (First Nonprofit and American Alternative) and the insured (SCCS) have agreed to dismissal of the instant action.  They note that First Nonprofit, SCCS, and American Alternative have all agreed to "put aside litigating their differences" with respect to the duty to defend, leaving the duty to indemnify as the only remaining coverage issue.  The moving parties argue that "for a duty to indemnify to exist, however, there has to be a judgment against the insured," and "whether or not such judgment will ever be entered in the underlying state court case remains to be seen."   (Doc. No. 82 at 7.)

Nominal Defendants argue the third *Grover* factor "must be considered in light of the potential prejudice" these defendants will suffer if the instant case is dismissed without prejudice.  They assert the joint motion to dismiss is nothing more than an attempt to "delay these proceedings for up to 2 years while the underlying State Court case is litigated."  (Doc. No. 86 at 2.)  Nominal Defendants argue any delay in resolving the coverage issue in this case will "definitely and adversely impact any negotiations on

settlement." (*Id.* at 3.)  Finally, Nominal Defendants claim the moving parties have failed to articulate any "actual reasons" for dismissal without prejudice.

The Court finds the moving parties have provided a sufficient explanation for the need for dismissal.  As explained above, the instant case is a declaratory judgment action to determine potential coverage under insurance policies issued by First Nonprofit and American Alternative to SCCS.  In the motion, First Nonprofit and SCCS state that they have agreed not to litigate the arguably more pressing issue of First Nonprofit's duty to defend under these policies.  Having reached this agreement, and in light of the possibility that the issue of indemnification may or may not arise depending on the outcome of the underlying state court action, the moving parties have determined that dismissal without prejudice is appropriate, a decision which American Alternative does not oppose.  The Court finds this to be a sufficient explanation for dismissal without prejudice at this time.

The Court further finds Nominal Defendants have not demonstrated they will suffer plain legal prejudice.  It is undisputed the Nominal Defendants are neither asserting or defending against any affirmative claims in this case.  Indeed, in their Answer, the Nominal Defendants expressly acknowledge that no claim for damages has been made against them by any of the other parties to this action.  (Doc. No. 73 at 8.) While the Nominal Defendants correctly note that this Court previously suggested they might suffer potential prejudice from delay in resolving the instant coverage dispute, the Court finds the potential for such prejudice does not outweigh the fact that all parties with actual claims in this matter are affirmatively seeking dismissal.  A potential for prejudice is not the same as plain legal prejudice.  Quite simply, Nominal Defendants'

preference for speedy resolution of the coverage issue in this case is not a sufficient basis to force First Nonprofit and SCCS to litigate this action, particularly where Nominal Defendants are not insureds under the policies at issue and have no direct interest in the outcome of this action. Moreover, Nominal Defendants' suggestion that dismissal without prejudice would jeopardize settlement efforts is entirely speculative and fails to demonstrate plain legal prejudice.

In light of the above, the Court finds the *Grover* factors weigh in favor of dismissal without prejudice.

### III. Conclusion

For the reasons set forth above, it is recommended that the Joint Motion to Voluntarily Dismiss without Prejudice be GRANTED. (Doc. No. 82.)

DATE: March 16, 2016          s/ *Nancy A. Vecchiarelli*
         NANCY A. VECCHIARELLI
         U.S. MAGISTRATE JUDGE

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981). See also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111.**