UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| First Nonprofit Insurance Co., | ) | Case No. 5:14CV796 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | [Resolves Doc. 82] |
| Summit County Children Services, et al., | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants. | ) | AND ORDER |

Pending before the Court are objections filed by Defendants Carla Ward and Tina Beatty. Doc. 90.  Ward and Beatty object to the recommendation made by the magistrate judge herein recommending that the remaining parties' joint motion to voluntarily dismiss this matter without prejudice be granted.  Doc. 89.  The Court now resolves those objections.

I. Facts

On November 21, 2013, Beatty and Ward filed suit against Defendant Summit County Children Services ("SCCS").  Beatty and Ward raised claims that arose out of the sexual abuse of minor children who were in the care of Roger Ball.  Plaintiff First Nonprofit Insurance Co. ("FNIC") filed the instant declaratory action on April 11, 2014.  In its complaint, FNIC seeks a declaration related to its duties and obligations to defend and/or indemnify SCCS related to the state court claims.  SCCS answered and asserted third-party claims against its former insurer, American Alternative Insurance Corporation ("AAIC").

On December 29, 2015, SCCS moved to stay this matter.  On January 25, 2016, the magistrate judge recommended denying the motion to stay.  Objections to that report remain outstanding with the Court.  On February 19, 2016, FNIC, SCCS, and AAIC jointly moved to

1

dismiss this matter without prejudice. Ward and Beatty opposed the motion, and the moving parties replied. On March 16, 2016, the magistrate judge recommended granting the motion. On March 30, 2016, Ward and Beatty objected to that recommendation. The Court now reviews those objections *de novo*.

**II**. **Motion to Dismiss Without Prejudice**

Fed.R. Civ.P. 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant, here the defendant[], from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009). Whether dismissal should be granted under this rule is within the sound discretion of this Court. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). In analyzing a motion to dismiss under this rule, the Court must determine whether the defendant would suffer plain legal prejudice from a dismissal without prejudice. In reviewing whether Ward and Beatty will suffer "plain legal prejudice," this Court must consider factors such as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* at 718. "The *Grover* factors are not an exclusive or mandatory list. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). '[C]ourts need not analyze each factor or limit their consideration to these factors.' *Doe v. Urohealth Sys., Inc*., 216 F.3d 157, 160 (1st Cir. 2000)." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007). The factors are "simply a guide for the trial judge, in whom the discretion ultimately rests." *Id.*

With respect to the first factor – the effort and expense of preparation for trial – it is beyond dispute that said factor weighs in favor of dismissal. The motion to dismiss was filed within two months of the case management conference in this matter. It appears that little to no discovery was

2

conducted prior to the motion to stay and the motion to dismiss being filed.  Moreover, it is also likely that any discovery that occurred could be utilized in the state court litigation in some capacity, even if informally.  Accordingly, the first factor weighs heavily in favor of dismissal.

There is also no delay or lack of diligence in the prosecution of this action.  As such, that factor also weighs in favor of dismissal.  Moreover, the Court has not yet even approached the dispositive motion stage.  As such, no motion for summary judgment has been filed and that factor weighs in favor of dismissal.

Ward and Beatty assert that the lack of an explanation for the need for the dismissal supports denial of the motion.  However, this matter presents the unique scenario in which only *nominal* parties, Beatty and Ward, raise objections to dismissal.  The parties whose rights are to be adjudicated, SCCS, FNIC, and AAIC, all agree that dismissal should occur.  As such, the Court disagrees that an inadequate explanation has been given.  Rather, given the agreement of all three of the primary parties to this litigation, that agreement alone is an explanation for the dismissal.

The primary prejudice alleged by Ward and Beatty is that the failure to resolve the coverage issues immediately impedes their ability to settle the underlying state court litigation.  However, there are two flaws in this argument.  First, Ward and Beatty have offered no legal authority to suggest that this type of alleged prejudice should even be considered in the current context.  Second, Ward and Beatty's argument relies upon conjecture.  While they contend that the failure to resolve the issues regarding indemnity and coverage impede settlement, one could just as easily assert that leaving those matters unresolved facilitates resolution.  In any event, the argument posed by Ward and Beatty does not establish plain legal prejudice.

Simply stated, all of the primary parties to this litigation sought its dismissal without prejudice roughly two months into discovery.  The Court can find no legal theory to deny that

3

dismissal and compel the parties to litigate against their will. Accordingly, the pending objections are overruled.

### III. Conclusion

Ward and Beatty's objections are overruled. The moving parties' joint motion to dismiss is GRANTED. Doc. 82. This matter is hereby dismissed without prejudice.

IT IS SO ORDERED.


DATED: April 14, 2016         /s/ John R. Adams
                              JOHN R. ADAMS
                              UNITED STATES DISTRICT JUDGE

4